UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## 05 11115 DPW

MATERIALS SYSTEMS INC.

Plaintiff,

v.

MEASUREMENT SPECIALTIES, INC.

Defendant.

MAGISTRATE JUDGE _____

RECEIPT _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

### COMPLAINT

1.     The plaintiff Materials Systems Inc. ("MSI") is a corporation organized under the laws of the state of Delaware. MSI's principal place of business is located at 543 Great Road, Littleton, MA 01460.

2.     The defendant Measurement Specialties, Inc. ("Measurement Specialties") is a Delaware corporation with its principal executive offices located at 10 Washington Ave in Fairfield, New Jersey 07004-3877.

### JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) trademark 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     This Court has personal jurisdiction over the defendants by virtue of their transacting, doing and soliciting business within the Commonwealth of Massachusetts.

5.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events and omissions giving rise to the claims occurred in this District and because the defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts.

## FACTS

6.     MSI manufactures and sells piezoelectric sensors for use in a variety of applications.

7.     MSI was established in 1991 and quickly became known in the marketplace for piezoelectric sensors by its initials, MSI. MSI's use of the MSI acronym to designate its products and services was well established by 1995.

8.     MSI originally was established for the purpose of developing certain kinds of materials as well as piezoelectric sensors. However, by 1998, the business had come to be centered on the piezoelectric sensor business.

9.     Through its efforts and exclusive use of the MSI mark in connection with the products offered thereunder, MSI has successfully created a brand and has acquired valuable goodwill, proprietary rights and interests in the MSI mark, and the products, services and reputation which are represented by the MSI mark.

10.     During 1998, MSI engaged a marketing company to help MSI to establish a brand identity. MSI expended substantial sums to develop a logo and brand identity for the MSI mark. MSI first began using the MSI mark prior to 1998 and has expended substantial sums to promote its mark and to promote brand recognition over the past seven years.

11.     MSI is the owner of federal trademark registration for MSI® under registration number 2,440,289.

12.     The defendant Measurement Specialties also manufacturers and sells piezoelectric sensors.

13.     MSI and Measurement Specialties are head-to-head competitors for certain kinds of piezoelectric sensors for certain specific customers.

2

14.     In July 2003, MSI heard through a former employee who had gone to work for a customer of MSI and Measurement Specialties, that the customer was experiencing poor performance of "MSI" sensors. The customer in question is an important source of business for MSI and the report of poor performance caused concern at MSI. MSI's Chief Executive Officer, Les Bowen, investigated the problem and discovered that the piezoelectric sensors which exhibited poor performance came from another company, which the customer also referred to as "MSI." The other company turned out to be Measurement Specialties.

15.     On or about October 21, 2003, Measurement Specialties caused to be registered the Internet domain name msisensors.com.

16.     Measurement Specialties has made use of the Internet domain name msisensors.com to market piezoelectric sensors.

17.     Measurement Specialties has directed its subsidiaries to make use of the Internet domain name msisensors.com to market piezoelectric sensors.

18.     In April, 2004 Frank Guidone, Chief Executive Officer of Measurement Specialties, called Mr. Bowen of MSI concerning MSI's trademark. Mr. Guidone called primarily to inquire about MSI's right in the MSI® trademark. During this phone call, Mr. Guidone expressed Measurement Specialties' interest in enlarging its sensor business and possibly acquiring MSI. Mr. Guidone also acknowledged MSI's rights in the MSI trademark.

19.     On May 7, 2004, Mr. Guidone called again, this time to inquire about MSI's interest in a strategic relationship with Measurement Specialties. Mr. Guidone asked to set up a conference call with him and Vic Chatigny, the manager of Measurement Specialties piezoelectric sensor group, at a later date. Measurement Specialties' piezoelectric sensor

business and Mr. Chatigny were added to Measurement Specialties through an acquisition in 1998.

20.     Mr. Guidone and Mr. Chatigny conferred with representatives of MSI again on May 17, 2004 concerning a potential acquisition of MSI.

21.     Mr. Guidone called Mr. Bowen on March 29, 2005 to talk about MSI's trademarks. Mr. Guidone told Mr. Bowen that Measurement Specialties was concerned about MSI's trademark because Measurement Specialties had been using the name "MSI Sensors" to identify its products. Mr. Bowen told Mr. Guidone that an important customer of MSI had confused MSI® products with Measurement Specialties' products. In addition, a number of Measurement Specialties' customers had called MSI for spare parts. These customers were misled into believing that products for Measurement Specialties had originated at MSI, because Measurement Specialties had branded its products as "MSI."

22.     On April 6, 2005, Mr. Guidone sent an email to Mr. Bowen asking to discuss MSI's trademarks.

23.     In a conversation with Mr. Bowen on April 12, 2005, Mr. Guidone acknowledged that MSI has a trademark, but asserted that Measurement Specialties could legally use the MSI name because MSI was not using it. Mr. Bowen responded that MSI did use its trademark and that MSI intended to continue to use its trademark.

24.     On May 12, 2005, Mr. Bowen received an email from Mr. Guidone, in which Mr. Guidone said, "I would like to set some time to discuss the MSI Sensors trademark. We have some decisions to make, and I would like to have an open discussion with you before proceeding."

25.    MSI has received reports from a Massachusetts customer to the effect that piezoelectric sensors manufactured by Measurement Specialties are being confused with piezoelectric sensors manufactured and marketed to the same customer by MSI.

26.    Measurement Specialties represents itself as "MSI" in marketing piezoelectric sensors on its website and elsewhere.

27.    Measurement Specialties is marketing its sensors as "MSI Sensors" on its web site today and branding its products with this mark.

28.    Measurement Specialties is marketing piezoelectric sensors, and causing its subsidiaries to market piezoelectric sensors, via the msisensors.com Internet domain name.

29.    Measurement Specialties' use of MSI® infringes on MSI's rights under federal and state law.

30.    Measurement Specialties' registration and use of the msisensors.com Internet domain name infringes on the MSI® trademark.

31.    Measurement Specialties' subsidiaries' use and registration of the msisensors.com Internet domain name infringes on the MSI® trademark.

32.    Measurement Specialties' infringement of the MSI® trademark is willful.

## COUNT I
### (Trademark infringement pursuant to 15 U.S.C. § 1114(a))

33.    The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

34.    The defendant's unauthorized use of the MSI® mark in connection with the defendant's sale, offering for sale, distribution and advertising of the goods and services has violated and infringed and threatens to further infringe the plaintiff's rights in the MSI® trademark in violation of the Trademark Act of the United States, 15 U.S.C., § 1114.

35.     As a result, the defendant is liable for infringement of the MSI® trademark.

36.     Due to the defendant's acts, the plaintiff is now suffering and will continue to suffer, unless restrained by this Court, irreparable injury to its reputation and good will for which there is no adequate remedy at law.

37.     The defendant's actions have also caused the plaintiff to incur substantial monetary damages in an amount to be determined at trial of this action.

## COUNT II
### (Trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1125(a))

38.     The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

39.     The plaintiff has never given the defendant permission to use the MSI® trademark.

40.     The defendant is, and at all relevant times has been, aware of the plaintiff's trademark rights and concerns.  Nonetheless, the defendant has acted, and continues to act, in willful disregard of the plaintiff's rights with the intent to cause confusion, mistake, and to deceive.

41.     The defendant's unauthorized use of the MSI® trademark constitutes trademark infringement and false designation of origin in violation of the Trademark Act of the United, 15 U.S.C. § 1125(a).

42.     The defendant's acts have caused irreparable injury to MSI's goodwill and reputation and, unless enjoined, will cause further and irreparable injury for which there is no adequate remedy of law.

43.     The defendant's acts have also caused the plaintiff to incur substantial monetary damages in an amount to be determined at a trial of this action.

## COUNT III
### (Trademark dilution)

44.    The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

45.    The MSI® trademark has become famous and distinctive through the plaintiff's continuous and exclusive use of the mark in connection with the plaintiff's products and services.

46.    The MSI® trademark has gained a high degree of recognition, as well as substantial fame, renown and goodwill, because the plaintiff's products and services have gained a reputation for superior quality and value.

47.    The defendant's unauthorized use of the MSI® trademark has caused and continues to cause irreparable injury and dilution to the MSI® mark in violation of 15 U.S.C. 1125(c).

48.    The defendant's unauthorized use of the MSI® mark dilutes, blurs, tarnishes and whittles away at the distinctiveness of the MSI® mark. The plaintiff has suffered irreparable harm to its valuable and famous MSI® mark. Unless the defendant is enjoined from further use of the MSI® mark, the plaintiff and the goodwill of the MSI® mark will be irreparably harmed.

49.    The plaintiff has no adequate remedy at law that might compensate it for the continued and irreparable harm that it will suffer if the defendant is not enjoined from further use of the MSI® mark.

50.    The defendant willfully intended to cause dilution of the MSI® mark through its actions.

51.    The defendant's acts have also caused the plaintiff to incur substantial monetary damages in an amount to be determined at a trial of this action.

## COUNT IV
### (Unfair competition under 15 U.S.C. § 1125(a))

52.    The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

53.    The msisensors.com Internet domain name is being used in commerce in a manner likely to cause confusion, or to cause mistakes, or to deceive as to origin, sponsorship, or approval of the corresponding website by the plaintiff.

54.    Unless msisensors.com is frozen, transferred and/or forfeited to MSI, MSI will continue to be irreparably harmed.

55.    The defendant and/or its subsidiaries have chosen and use the msisensors.com domain name in commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the defendant with the plaintiff.

56.    The defendant has selected and uses msisensors.com in commerce in a manner likely to cause confusion, or to cause a mistake, or to deceive as to the origin, sponsorship or approval of its website by MSI.

57.    Such use of msisensors.com constitutes unfair and deceptive competition in violation of 15 U.S.C. § 1125(a).

58.    As a result the defendant's operation of the msisensors.com website, the plaintiff has suffered and continues to suffer irreparable harm.

## COUNT V
### (Trademark dilution under 15 U.S.C. § 1125(c))

59.    The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

60.    The mark MSI® has become famous and distinctive through the plaintiff's continuous and exclusive use of that mark in connection with its products and services.

61.    Because the plaintiff's products and services have gained a reputation for superior quality and value, the mark MSI® has gained a high degree of recognition as well as substantial fame, renown and goodwill.

62.    The msisensors.com Internet domain name has caused and continues to cause irreparable injury and dilution to the MSI® trademark in violation of 15 U.S.C. § 1125(c) and has misappropriated and injured the good will of that mark.

63.    msisensors.com dilutes, blurs, tarnishes, and whittles away at the distinctiveness of MSI® trademark.

64.    As a result, the plaintiff has suffered irreparable harm to its valuable and famous MSI® trademark.  Unless the msisensors.com domain name is frozen, transferred, and/or forfeited to the plaintiff, the plaintiff will continue to be irreparably harmed.

65.    The plaintiff has no adequate remedy at law that might compensate it for the continued and irreparable harm it will suffer if msisensors.com is not frozen, transferred and/or forfeited to the plaintiff.

66.    Upon information and belief, the defendant willfully intended to cause dilution of the MSI® trademark through its selection of the confusingly similar msisensors.com domain name, and the establishment of a website to promote the sale of the defendant's piezoelectric sensors at that address.

67.    As a result, the plaintiff is entitled to damages, costs and other remedies against the defendant.

### COUNT VI
### (State common law trademark infringement)

68.    The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

69.   The defendant has knowingly used the plaintiff's trademark with the intention of causing confusion, mistaken deception as to the source of its goods and services and with the intent to palm off its goods as those of the plaintiff.

70.   By infringing the plaintiff's trademark, the defendant has improperly traded upon the plaintiff's reputation and is impairing the plaintiff's valuable rights in and to its trademarks.

71.   The defendant's acts have caused the plaintiff to suffer irreparable injury, which will continue unless enjoined.

72.   The defendant's acts have also caused the plaintiff to incur substantial monetary damages in an amount to be determined at a trial of this action.

Wherefore, the plaintiff Materials Systems Inc. demands judgments against defendant Measurement Specialties, Inc. as follows:  1) preliminarily and permanently enjoining Measurement Specialties and its officers, directors, agents, servants, employees, successors and assigns and all those acting in concert or participating with them from using, abiding, causing or abetting the continued use of the MSI® trademark or any names substantially similar; (2) that the msisensors.com domain name be deposited into the registry of this court to be preliminarily and permanently frozen, transferred and/or forfeited to MSI in order that MSI may either permanently cancel the registration or register it in MSI's name and link the domain name to its website; 3)  that Measurement Specialties, its agents, subsidiaries, servants and employees and all those acting in concert with them be enjoined from operating, maintaining, sponsoring, or attempting to register any website identified with the Internet domain name and msisensors.com; (4)  ordering Measurement Specialties, Inc. to provide a full accounting and to disgorge and pay over to plaintiff all profits derived from the improper use of the MSI® trademark or names substantially similar thereto;  5)  awarding the plaintiff damages in an amount to be determined

at the trial of this action; 6) awarding the plaintiff statutory damages; 7) awarding the plaintiff

its attorneys' fees, interests costs and disbursements in this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

MATERIALS SYSTEMS INC.
By its attorneys,

Thomas Frisardi BBO#552479
Andrew D. Myers, BBO# 556930
DAVIS, MALM & D'AGOSTINE
One Boston Place
Boston, MA 02108
(617) 367.2500

Dated:  May 27, 2005

11

362710v.1

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

MATERIALS SYSTEMS INC

**DEFENDANTS**

MEASUREMENT SPECIALTIES, INC.

**(b)** County of Residence of First Listed Plaintiff  **Middlesex North**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Essex (NJ)**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  **617.367.2500**
Thomas Frisardi, Davis Malm & D'Agostine
One Boston Place, Boston, MA 02108

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**     **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment   ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.Section 1125

Brief description of cause:
Trademark infringement, unfair competition

## VII. REQUESTED IN   COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   *May 27, 2005*

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)  **Materials Systems Inc. v.**
   **Measurement Specialties, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  **Thomas Frisardi**

ADDRESS          **Davis Malm & D'Agostine One Boston Place, Boston, MA 02108**

TELEPHONE NO.    **617.367.2500**

(CategoryForm.wpd - 5/2/05)