UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
MATERIALS SYSTEMS, INC.,            :
:    Civil Action No. 05-11115 DPW
Plaintiff,       :
:
v.                                  :    **ANSWER**
:    **AND**
MEASUREMENT SPECIALTIES, INC.,      :    **JURY DEMAND**
:
Defendant.       :
:
_____:

Defendant Measurement Specialties, Inc. ("Measurement Specialties" or the "Defendant") through its attorneys McCarter & English, LLP, answering the Complaint of Plaintiff Materials Systems, Inc. ("Materials Systems" or the "Plaintiff"), says:

1.      The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 in the Complaint, and therefore denies the allegations on that basis.

2.      The Defendant admits that it is a New Jersey corporation with a principal place of business at 1000 Lucas Way, Hampton, Virginia 23666.

**ANSWER TO ALLEGATIONS OF JURISDICTION AND VENUE**

3.      The Defendant refers to the statutes cited in paragraph 3 in the Complaint. Except as specifically stated, the Defendant denies the allegations in paragraph 3 in the Complaint.

4.      The Defendant denies the allegations of Paragraph 4 in the Complaint as a legal conclusion.

5.      The Defendant refers to the statute cited in paragraph 5 in the Complaint. Except as specifically stated, the Defendant denies the allegations in paragraph 5 in the Complaint.

## ANSWER TO FACTUAL ALLEGATIONS

6.      The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 in the Complaint, and therefore denies the allegations on that basis.

7.      The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 in the Complaint, and therefore denies the allegations on that basis.

8.      The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 in the Complaint, and therefore denies the allegations on that basis.

9.      The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 in the Complaint, and therefore denies the allegations on that basis.

10.     The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 in the Complaint, and therefore denies the allegations on that basis.

11.     The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 in the Complaint, and therefore denies the allegations on that basis.

12.     The Defendant admits the allegations in Paragraph 12 in the Complaint.

13.     The Defendant admits that both it and Materials Systems sell sensors made with piezoelectric material that can be used for similar applications. The Defendant denies the remaining allegations in paragraph 13 in the Complaint.

14.     The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 in the Complaint, and therefore denies the allegations on that basis.

15.     The Defendant admits the allegations in Paragraph 15 in the Complaint.

16.     The Defendant admits that it has advertised and promoted piezoelectric sensors through the Internet web site identified by the uniform resource locator ("URL") www.msisensors.com. The Defendant denies the remaining allegations of Paragraph 16 in the Complaint.

17.     The Defendant denies the allegations in Paragraph 17 in the Complaint.

18.     The Defendant admits that Frank Guidone, Chief Executive Officer of Measurement Specialties, contacted Les Bowen, Chief Executive Officer of Materials Systems, in early 2004 concerning Materials Systems' trademark. The Defendant further admits that Mr. Guidone contacted Mr. Bowen primarily to discuss Materials Systems' prior history of using the MSI trademark and its current and future plans to use this mark. The Defendant further admits that during this conversation, Mr. Guidone expressed Measurement Specialties' interest in a possible strategic relationship with Materials Systems. The Defendant denies the remaining allegations of Paragraph 18 in the Complaint.

19.     The Defendant admits that Mr. Guidone thereafter contacted Mr. Bowen to further discuss a strategic relationship with Materials Systems. The Defendant further admits that Mr. Guidone requested that Mr. Bowen set up a future conference call with Mr. Bowen and

Vic Chatigny, the Vice President of Product Management at Measurement Specialties. The Defendant further admits Mr. Chatigny joined Measurement Specialties and that Measurement Specialties commenced its piezoelectric sensor business as a consequence of a corporate acquisition in 1998. The Defendant denies the remaining allegations of Paragraph 19 in the Complaint.

20. The Defendant admits that Mr. Guidone and Mr. Chatigny thereafter discussed with representatives of Materials Systems a potential acquisition of Materials Systems. The Defendant denies the remaining allegations of Paragraph 20 in the Complaint.

21. The Defendant admits that Mr. Guidone thereafter contacted Mr. Bowen to discuss Materials Systems' trademarks. The Defendant further admits that Mr. Guidone and Mr. Bowen discussed resolving their differences over Measurement Specialties' use of the MSI trademark in identifying its piezoelectric sensors as "MSI Sensors." The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 in the Complaint regarding Measurement Specialties' customers contacting Materials Systems for spare parts or any confusion by these customers as to the origin of Measurement Specialties' products branded with the acronym MSI, and therefore denies the allegations on that basis. The Defendant denies the remaining allegations of Paragraph 21 in the Complaint.

22. The Defendant admits that on April 7, 2005, Mr. Guidone sent an electronic mail message to Mr. Bowen requesting an opportunity to discuss with Mr. Bowen "the MSI Sensors trademark." The Defendant denies the remaining allegations in Paragraph 22 in the Complaint.

23. The Defendant admits that Mr. Guidone thereafter had a discussion with Mr. Bowen during which Mr. Guidone acknowledged that Materials Systems had registered the MSI

trademark, but expressed the belief that Measurement Specialties had priority in the mark. The Defendant denies the remaining allegations in Paragraph 23 in the Complaint.

24. The Defendant admits that Mr. Guidone sent an electronic mail message to Mr. Bowen containing the text quoted in Paragraph 24 in the Complaint on April 7, 2005. The Defendant denies the remaining allegations in Paragraph 24 in the Complaint.

25. The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 in the Complaint, and therefore denies the allegations on that basis.

26. The Defendant admits that the Internet web site identified by the URL www.meas-spec.com previously contained some references to Measurement Specialties as "MSI," but that the company has removed such references. The Defendant denies the remaining allegations in Paragraph 26 in the Complaint.

27. The Defendant admits that it identifies its sensors as "MSI Sensors" on its Chinese-language Internet web site identified by the URL www.msisensors.com.cn and brands the products on this web site with the MSI mark, but that it is winding down and phasing out this practice. The Defendant denies the remaining allegations in Paragraph 27 in the Complaint.

28. The Defendant admits it and its Chinese subsidiary are marketing piezoelectric sensors via the Internet web sites identified by the URL's www.meas-spec.com and www.msisensors.com.cn. The Defendant further admits that querying for the URL www.msisensors.com resolves to the Internet web site identified by the URL www.meas-spec.com. The Defendant denies the remaining allegations in Paragraph 28 in the Complaint.

29. The Defendant denies the allegations in Paragraph 29 in the Complaint.

30. The Defendant denies the allegations in Paragraph 30 in the Complaint.

31. The Defendant denies the allegations in Paragraph 31 in the Complaint.

32. The Defendant denies the allegations in Paragraph 32 in the Complaint.

## COUNT I
### (Trade Dress Infringement Pursuant to 15 U.S.C. § 1114(a))

33. The Defendant repeats and realleges the responses to Paragraphs 1 through 32 in the Complaint as if fully set forth herein.

34. The Defendant denies the allegations of Paragraph 34 in the Complaint.

35. The Defendant denies the allegations of Paragraph 35 in the Complaint.

36. The Defendant denies the allegations of Paragraph 36 in the Complaint.

37. The Defendant denies the allegations of Paragraph 37 in the Complaint.

## COUNT II
### (Trademark Infringement and False Designation of Origin Pursuant to 15 U.S.C. §1125(a))

38. The Defendant repeats and realleges the responses to Paragraphs 1 through 37 in the Complaint as if fully set forth herein.

39. The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 in the Complaint, and therefore denies the allegations on that basis.

40. The Defendant denies the allegations of Paragraph 40 in the Complaint.

41. The Defendant denies the allegations of Paragraph 41 in the Complaint.

42. The Defendant denies the allegations of Paragraph 42 in the Complaint.

43. The Defendant denies the allegations of Paragraph 43 in the Complaint.

## COUNT III
### (Trademark Dilution)

44.     The Defendant repeats and realleges the responses to Paragraphs 1 through 43 in the Complaint as if fully set forth herein.

45.     The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 in the Complaint, and therefore denies the allegations on that basis.

46.     The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 in the Complaint, and therefore denies the allegations on that basis.

47.     The Defendant denies the allegations of Paragraph 47 in the Complaint.

48.     The Defendant denies the allegations of Paragraph 48 in the Complaint.

49.     The Defendant denies the allegations of Paragraph 49 in the Complaint.

50.     The Defendant denies the allegations of Paragraph 50 in the Complaint.

51.     The Defendant denies the allegations of Paragraph 51 in the Complaint.

## COUNT IV
### (Unfair Competition Under 15 U.S.C. §1125 (a))

52.     The Defendant repeats and realleges the responses to Paragraphs 1 through 51 in the Complaint as if fully set forth herein.

53.     The Defendant denies the allegations of Paragraph 53 in the Complaint.

54.     The Defendant denies the allegations of Paragraph 54 in the Complaint.

55.     The Defendant denies the allegations of Paragraph 55 in the Complaint.

56.     The Defendant denies the allegations of Paragraph 56 in the Complaint.

57.     The Defendant denies the allegations of Paragraph 57 in the Complaint.

58. The Defendant denies the allegations of Paragraph 58 in the Complaint.

## COUNT V
### (Trademark Dilution Under 15 U.S.C. §1125(c))

59. The Defendant repeats and realleges the responses to Paragraphs 1 through 58 in the Complaint as if fully set forth herein.

60. The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 in the Complaint, and therefore denies the allegations on that basis.

61. The Defendant states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 in the Complaint, and therefore denies the allegations on that basis.

62. The Defendant denies the allegations of Paragraph 62 in the Complaint.

63. The Defendant denies the allegations of Paragraph 63 in the Complaint.

64. The Defendant denies the allegations of Paragraph 64 in the Complaint.

65. The Defendant denies the allegations of Paragraph 65 in the Complaint.

66. The Defendant denies the allegations of Paragraph 66 in the Complaint.

67. The Defendant denies the allegations of Paragraph 67 in the Complaint.

## COUNT VI
### (State Common Law Trademark Infringement)

68. The Defendant repeats and realleges the responses to Paragraphs 1 through 67 in the Complaint as if fully set forth herein.

69. The Defendant denies the allegations of Paragraph 69 in the Complaint.

70. The Defendant denies the allegations of Paragraph 70 in the Complaint.

71. The Defendant denies the allegations of Paragraph 71 in the Complaint.

72.    The Defendant denies the allegations of Paragraph 72 in the Complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

73.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

74.    This Court lacks personal jurisdiction over the Defendant.

### THIRD AFFIRMATIVE DEFENSE

75.    The Plaintiff has brought this matter in the wrong venue.

### FOURTH AFFIRMATIVE DEFENSE

76.    The Plaintiff has brought this matter in a *forum non conveniens*.

### FIFTH AFFIRMATIVE DEFENSE

77.    The Plaintiff's Complaint is barred in whole or in part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

78.    The Plaintiff's registration of the MSI trademark was obtained fraudulently.

### SEVENTH AFFIRMATIVE DEFENSE

79.    The Plaintiff abandoned the MSI trademark.

### EIGHTH AFFIRMATIVE DEFENSE

80.    There is no likelihood of confusion, mistake or deception because, among other things, Materials Systems' and Measurement Specialties' products and/or marks are not confusingly similar.

## NINTH AFFIRMATIVE DEFENSE

81. The MSI trademark is neither distinctive nor famous, nor has it acquired secondary meaning among the public or trade.

## TENTH AFFIRMATIVE DEFENSE

82. The Plaintiffs' claims are barred by a doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

83. The Plaintiffs' claims are barred by the doctrine of equitable estoppel.

WHEREFORE, having fully answered, the Defendant respectfully prays that the Complaint against it be dismissed with prejudice and that it recover its costs and attorneys fees, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117) and otherwise as allowed by law.

## **JURY DEMAND**

The Defendant hereby demands a trial by jury on all issues raised in the Complaint that are triable by jury.

                                                        Respectfully submitted,

                                                        MEASUREMENT SPECIALTIES, INC.,
                                                        By its attorneys,

                                                        /s/ Daniel J. Kelly
                                                        Daniel J. Kelly, BBO # 553926
                                                        dkelly@ghlaw.com
                                                        Gadsby Hannah LLP
                                                        225 Franklin Street
                                                        Boston, MA  02110
                                                        (617) 345-7000

December 19, 2005


McCARTER & ENGLISH, LLP
Robert W. Smith, Esq. (RS-8612)
Scott S. Christie, Esq. (SC-8280)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444

-12-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the *Answer and Jury Demand* was served on the following attorney of record as follows:

<u>Via electronic notification</u>:

Thomas Frisardi, Esq.
Davis, Malm & D'Agostine, P.C.
tfrisardi@davismalm.com

                                            /s/ Daniel J. Kelly
                                            Daniel J. Kelly, BBO # 553926
                                            dkelly@ghlaw.com
                                            Gadsby Hannah LLP
                                            225 Franklin Street
                                            Boston, MA  02110
                                            (617) 345-7000

December 19, 2005